IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cr-175-ECM |
| | ) | |
| CHRISTOPHER LEE STANTON | ) | |

**MEMORANDUM OPINION and ORDER**

Before the Court is Defendant Christopher Lee Stanton's ("Stanton") *pro se* letter, which the Court construes as a motion for early termination of supervised release. (Doc. 78). The Government opposes early termination. (Doc. 82). Upon consideration of the motion, and for the following reasons, the motion is due to be denied.

**BACKGROUND**

On May 28, 2010, Stanton pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2552A(a)(5)(B). Stanton and the United States entered into a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which contemplated a sentence of 108 months' imprisonment followed by a lifetime term of supervised release. (Doc. 55 at 3). On August 11, 2010, the Court accepted the plea agreement and imposed a sentence of 108 months' imprisonment and supervised release for life. (Doc. 63). This sentence was below the guideline range of 120 months. (*See* doc. 64 at 16). Stanton began serving his term of supervised release on September 17, 2017. (Doc. 82 at 2). To date, he has served approximately seven-and-a-half years of his supervised release term.

In support of his request for early termination, Stanton asserts that he has complied

with the terms of supervision, he completed sex offender treatment while incarcerated and while on supervised release, he has maintained the same employment for over six years, and he will still be subjected to state sex offender regulations. Neither the United States nor Stanton's supervising Probation Officer supports early termination because of Stanton's offense conduct, including his history of hands-on offending.

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof if the Court determines that early termination is warranted by the defendant's conduct and is in the interest of justice. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017). In making this determination, the Court must consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a) and 3583(e)(1); *Johnson*, 877 F.3d at 996 n.7. The Court now turns to the sentencing factors to determine whether early termination is warranted by Stanton's conduct and is in the interest of justice. *See* 18 U.S.C. § 3583(e)(1).

While the Court appreciates the fact that Stanton has complied with the conditions imposed on him by this Court, the Court finds that Stanton's compliance is the minimum expectation and is not an adequate, independent basis for early termination of supervised release. The Court further finds that, on this record, his circumstances do not justify early

termination of supervised release. Considering the nature and circumstances of his offense, coupled with the need to protect the public and the need for deterrence, the interest of justice counsels in favor of Stanton remaining under supervision. Stanton's offense conduct involving possession of large quantities of child pornography was very serious. Additionally, Stanton has a history of committing hands-on sex offenses, specifically sexually assaulting a minor over a period of years. This conduct is extremely serious, undoubtedly caused incredible damage to his minor victim, and militates strongly in favor of Stanton remaining under supervision. While the Court recognizes that Stanton has completed sex offender treatment, these facts do not counsel in favor of early termination given Stanton's conduct. Continued supervision is necessary to deter Stanton and others from illegal conduct and to protect the public, especially minor children, from illegal conduct. Finally, the Court observes that Stanton entered into a binding plea agreement in which he agreed to a lifetime term of supervised release. While the binding plea is not dispositive, the Court mentions it to underscore the Court's conclusion that early termination is not appropriate in this case, especially considering that Stanton served a custodial sentence which was below the guideline range.

In sum, Stanton fails to satisfy his burden to show that the interest of justice warrants early termination of his supervision. For these reasons, the Court concludes that Stanton's motion for early termination is due to be denied.

## CONCLUSION

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for early termination of supervised release (doc. 78) is DENIED.

DONE this 31st day of March, 2025.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE